# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KEENAN GRACEY,<br><br>　　　　Defendant. | Case No. CV 18-03872-AB(ASx)<br><br>**[PROPOSED] PRELIMINARY INJUNCTION AND ORDERS : (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (3) REQUIRING ACCOUNTINGS; AND (4) GRANTING EXPEDITED DISCOVERY** |

This matter is before the Court on the Consent of Defendant Keenan Grace ("Defendant") to the Entry of Preliminary Injunction and Orders: (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; and (3) Requiring an Accounting; and Granting Expedited Discovery.

The Court, having previously issued a Temporary Restraining Order and Orders: (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Granting Expedited Discovery; and (4) Requiring Accountings and Order To Show Cause Re Preliminary Injunction on May 11, 2018 ("TRO"); and having considered the SEC's Complaint, the TRO Application, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, the other evidence and argument presented to the Court, as well as the Defendant's Consent, finds that:

    A.    This Court has jurisdiction over the parties to, and the subject matter of, this action.

    B.    Defendant has consented to the entry of a preliminary injunction on the terms below.

## I.

IT IS HEREBY ORDERED that Defendant and his agents, servants, employees, attorneys, and those persons in active concert or participation with him, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which

they were made, not misleading; or

C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

**II.**

IT IS FURTHER ORDERED that Defendant and his agents, servants, employees, attorneys, and those persons in active concert or participation with him, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A.    employing any device, scheme or artifice to defraud; or

B.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

**III.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendant and his agents, servants, employees, attorneys, and those persons in active concert with him, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, owned by, controlled by, managed by or in the possession or custody of the Defendant and from transferring, encumbering dissipating, incurring charges or cash

advances on any debit or credit card of the credit arrangement of the Defendant.

**IV.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, the freeze, previously ordered by the TRO, shall remain in place on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendant including, but not limited to, the bank accounts listed below:

| Bank Name | Account Name | Account Number |
|---|---|---|
| JP Morgan Chase | Keenan Gracey | XXXX9697 |
| Wells Fargo, N.A. | Keenan Gracey | XXXXX1901 |
| Union Bank. | Keenan Gracey | XXXXX0699 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court:

**V.**

IT IS FURTHER ORDERED that Defendant's obligation under the TRO to

forthwith prepare and deliver to the SEC a detailed and complete schedule of all of his assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number, shall remain in effect. The accounting shall include a description of the sources of all such assets. Such accounting shall be filed with the Court no later than June 1, 2018, and a copy shall be delivered by email to the SEC to the attention of Donald W. Searles, counsel for the SEC, searlesd@sec.gov. After completion of the accounting, the Defendant shall produce to the SEC, at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

**VI.**

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of the Defendant, shall within three days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

**VII.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendant and his agents, servants, employees, attorneys, and those persons in active concert or participation with him, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to

Defendant.

IT IS FURTHER ORDERED that the SEC's may continue to conduct expedited discovery concerning Defendant, his assets and activities, as previously granted in the TRO, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court, and that discovery shall proceed as follows:

  (A) Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the SEC may take depositions upon oral examination on five calendar days' notice of any such deposition. Depositions may be taken Monday through Friday. As to the Defendant and his agents, servants, employees, attorneys, and those persons in active concert or participation with him the SEC may depose such witnesses after serving a deposition notice by facsimile, hand or overnight courier upon such individuals, and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of the hearing on the SEC's application for preliminary injunction;

  (B) Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, Defendant shall answer the SEC's interrogatories within fourteen calendar days of service of such interrogatories;

  (C) Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendant shall produce all documents requested by the SEC within fourteen calendar days of service of such request, with production of the documents made to Donald W. Searles, U.S. Securities and Exchange Commission, 444 S. Flower Street, Suite 900, Los Angeles, CA 90071, or such person or place as counsel for the SEC may direct in writing;

  (D) Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, Defendant shall respond to the SEC's requests for admissions within fourteen calendar days of such requests; and

(E) All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by email and overnight courier to the SEC to the attention of Donald W. Searles, U.S. Securities and Exchange Commission, 444 S. Flower Street, Suite 900, Los Angeles, CA 90071, searlesd@sec.gov, or such other place and person as counsel for the SEC may direct in writing.

## IX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

The hearing set for May 23, 2018, at 1:00 p.m. is hereby **VACATED**.

IT IS SO ORDERED.

Dated: May 23, 2018

_____
HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE