JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

KEENAN GRACEY,

    Defendant.

Case No. 2:18-cv-03872-AB(ASx)

**[PROPOSED] DEFAULT JUDGMENT AGAINST KEENAN GRACEY**

This matter came before the Court on the Securities and Exchange Commission's ("SEC") Application for Entry of Default Judgment against Defendant Keenan Gracey. The Court having considered the SEC's Complaint, the Application, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, finds that:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the SEC's Application for Default Judgment Against Defendant Keenan Gracey ("Defendant" or "Gracey") is GRANTED.

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED, that Defendant is permanently restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS FURTHER ORDERED that Defendant is permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    B.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5(a) & (c) thereunder, 17 C.F.R. §§ 240.10b-5(a) & (c).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED that Defendant is permanently restrained and enjoined from, directly or indirectly, participating in the issuance, purchase, offer or sale of any securities, except for the purchase or sale of securities listed on a national securities exchange for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendant Chen or with anyone described in (a).

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement $4,403,500, representing profits gained as a result of the conduct alleged in the complaint, together with prejudgment interest thereon in the amount of $37,873.22, and a civil penalty in the amount of $4,403,500, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall satisfy this obligation by paying $8,844,873.22 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center

    Accounts Receivable Branch

    6500 South MacArthur Boulevard

    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; [Defendant's name] as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and

3

interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more

4

investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED, that until such time that Defendant pays, in full, the disgorgement, prejudgment interest, and civil penalty imposed herein, the freeze, previously ordered by the Court 9 (*see* Dkt. Nos. 4, 13), shall remain in place on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendant, except to the extent that such monies and assets are used for the sole and exclusive purpose of satisfying this Final Judgment, and except as provided by Section VIII of this Final Judgment.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED, that until such time that Defendant pays, in full, the disgorgement, prejudgment interest, and civil penalty imposed herein, the order prohibiting the destruction of documents, previously ordered by the Court (*see* Dkt. Nos. 4, 13 ), shall remain in place.

## VIII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, JP Morgan Chase, Wells Fargo, N.A., and Union Bank shall transfer the entire balance of the following bank account(s) which were frozen pursuant to an Order of this Court to the Commission:

| Bank Name | Account Name | Account Number |
|---|---|---|
| JP Morgan Chase | Keenan Gracey | XXXX9697 |
| Wells Fargo, N.A. | Keenan Gracey | XXXXX1901 |
| Union Bank. | Keenan Gracey | XXXXX0699 |

JP Morgan Chase, Wells Fargo, N.A., and Union Bank may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. JP Morgan Chase, Wells Fargo, N.A., and Union Bank also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

 Enterprise Services Center

 Accounts Receivable Branch

 6500 South MacArthur Boulevard

 Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code,

11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the agreements set forth therein.

## XI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of enforcing the terms of this Judgment and implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated: November 05, 2018          _____
                                  HON. ANDRÉ BIROTTE JR.
                                  UNITED STATES DISTRICT JUDGE